IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

MACK C. WELLS                                                                               PETITIONER

VERSUS                                           CIVIL ACTION NO. 3:11CV264 WHB-LRA

RONALD KING                                                            RESPONDENT

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

Mack C. Wells filed a petition for writ of habeas corpus relief on May 5, 2011. Respondent Ronald King filed a motion to dismiss asserting that the petition is barred pursuant to 28 U.S.C. § 2244(d) as untimely under the Antiterrorism and Effective Death Penalty Act of 1996. The Court recommends that the motion be granted for the reasons that follow.

Petitioner was convicted of aggravated assault in the Circuit Court of Scott County, Mississippi, for repeatedly stabbing his ex-wife's boyfriend. He was sentenced as a habitual offender to life without parole in the custody of the Mississippi Department of Corrections on June 15, 1995. On December 17, 1996, the Mississippi Court of Appeals affirmed his conviction and sentence in an unpublished opinion, *Wells v. State*, No. 95-KA-00662 (Miss. Ct. App. 1996). Petitioner did not file a motion for rehearing pursuant to Rule 40(a) of the Mississippi Rules of Appellate Procedure, thereby forfeiting his right to seek further discretionary review. *See Roberts v. Cockrell*, 319 F.3d 690, 693 n.14 (5th Cir. 2003). On March 22, 2011, Petitioner filed an application for leave to seek

post-conviction relief, which was dismissed by the Mississippi Supreme Court on April 27, 2011 as untimely under Miss. Code Ann. § 99-39-5(2).[1] On May 5, 2011, Wells filed the instant petition seeking federal habeas corpus relief.

Following his conviction for aggravated assault, Wells was convicted of murdering his 13 year-old stepson and sentenced to death. *Wells v. State*, 698 So.2d 497 (Miss. 1997).[2] On post-conviction review, the Mississippi Supreme Court remanded Petitioner's capital murder case for the limited purpose of obtaining an evaluation and conducting an evidentiary hearing on his mental capacity pursuant to *Atkins v. Virginia*, 536 U.S. 304 (2002) (death penalty no longer constitutional as applied to those prisoners deemed mentally retarded, using an I.Q. standard of 70). *See Wells v. State*, 903 So.2d 739 (Miss. 2005) (denying Petitioner's motion for post-conviction relief). On remand, the trial court conducted an evidentiary hearing and found that Wells met the *Atkins* standard for mental retardation and re-sentenced him to life without parole.

The Antiterrorism and Effective Death Penalty Act (AEDPA) imposes a one-year statute of limitations on state prisoners filing a federal habeas petition under 28 U.S.C. § 2244(d)(1). AEDPA provides that the statute of limitations shall run from the latest of:

---

[1] ECF Nos. 5-3, 5-5.

[2] During the sentencing phase of the trial, the jury was allowed to consider Petitioner's aggravated assault conviction as an aggravating circumstance pursuant to Miss. Code Ann. § 99-19-101(5)(b) (1972). *Id.*

    (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

    (B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

    (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). AEDPA also provides that the statute of limitations will be tolled while a properly filed application for post-conviction relief is pending in state court:

    (2)    The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244 (d)(2). Thus, unless the narrow exceptions of § 2244 (d)(1)(B-D) apply, a federal habeas petition must be filed within one year of the date that the petitioner's judgment of conviction becomes final, subject to tolling for the period when a properly filed motion for post-conviction relief is pending in state court. *See Cantu-Tzin v. Johnson*, 162 F.3d 295 (5th Cir. 1998), *cert denied*, 525 U.S. 1091 (1999); *Sonnier v. Johnson*, 161 F.3d 941, 944 (5th Cir.1998). AEDPA's statute of limitations period may be equitably tolled only if a petitioner shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way and prevented timely filing." *Holland v. Florida*, 130 S.Ct. 2549, 2562 (2010) (internal quotations and

citations omitted); *see also Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (equitable tolling may apply to extend the one-year statute of limitations period, but only in rare and exceptional circumstances).

Wells's aggravated assault conviction became final on December 31, 1996, 14 days after the Mississippi Court of Appeals affirmed his conviction and sentence on December 17, 1996. Although Petitioner failed to timely seek a petition for rehearing in state court, the Court credits him with the 14-day time period allowed for seeking a petition for rehearing under Rule 40(a) of the Mississippi Rules of Appellate Procedure. *See Roberts*, 319 F.3d 693-94. To toll AEDPA's statute of limitations, Petitioner was required to file an application for post-conviction relief in state court before December 31, 1997.[3] Because he did not file his state court motion for post-conviction collateral relief until March 22, 2011, AEDPA's one-year statute of limitations ran uninterrupted from December 31, 1996 to December 31, 1997. Thus, his habeas petition filed on May 5, 2011, nearly 14 years after the federal statue of limitations expired, is time-barred.

Petitioner does not dispute that his petition is untimely but asserts that he does not understand the judicial process and cannot read or write. He advises that he has been in the prison's literacy program for more than three years and is being assisted by another inmate. He also asserts that he was mentally incompetent to stand trial and that the

---

[3]None of the other provisions contained in 28 U.S.C. § 2244(d)(1)(B)(C)(D) are applicable in this case.

4

merits of his habeas petition should be heard under the fundamental miscarriage of justice exception to the "procedural and time bars."[4] In support, he references the fact that his death penalty sentence for his capital murder conviction was commuted to a life sentence following his *Atkins* hearing.

Wells's unfamiliarity with the legal process does not constitute a rare and exceptional circumstance warranting equitable tolling. *See, e.g., Felder v. Johnson*, 204 F.3d 168, 172-73 (5th Cir. 2000) (ignorance of law insufficient to toll statute of limitations). Whether his unfamiliarity is "due to illiteracy or any other reason" is irrelevant. *Turner v. Johnson*, 177 F.3d 390, 392 (5th Cir. 1999). His reliance on the "fundamental miscarriage of justice" exception is also misplaced. That exception is limited to cases of actual innocence "where the petition shows, as a factual matter, that he did not commit the crime of conviction." *Fairman v. Anderson*, 188 F.3d 635, 644 (5th Cir. 1999) (citing *Ward v. Cain*, 53 F.3d 106, 108 (5th Cir. 1995). Wells does not claim to be actually innocent of his crimes of conviction here. He concedes that he committed both crimes within 24 hours in his petition for habeas relief.[5]

Though the Fifth Circuit has recognized that mental incompetency may warrant equitable tolling, mere allegations of mental incompetency are insufficient. *Fisher v. Johnson*, 174 F.3d 710, 715 (5th Cir. 1999). To trigger equitable tolling of AEDPA's

---

[4]ECF No. 1, p. 14.

[5]ECF No. 1-1, p. 2.

statutory period, a petitioner's mental impairment must not only have existed during the relevant time period, but "must have actually been an impediment to filing in a timely manner." *Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002).  A petitioner must make an evidentiary showing linking his mental incompetency to the inability to timely file, that is, that he was prevented from "managing his affairs and thus from understanding his legal rights and acting upon them."  *Allen v. Mississippi*, No. 4:10CV26, 2011 WL 1196747, at *3 (S.D. Miss. March 4, 2011) (quoting *Hood v. Sears, Roebuck & Co.*, 168 F.3d 231, 232 (5th Cir. 1999)).

Here, Petitioner has not explained what facts support his claim that his mental retardation prevented him from filing a timely petition.  Other than his conclusory allegation that equitable tolling should apply because his death penalty sentence was vacated under *Atkins*, he provides no underlying factual basis for this Court to conclude that his mental state was so impaired during the relevant time period that he could not manage his legal affairs or pursue his legal remedies before the one-year limitations period expired.  The mere fact that Wells met the *Atkins* standard for mental retardation for his capital murder conviction does not establish that his mental retardation prevented him from understanding and managing his legal affairs. The "Offender Log" from the Mississippi Department of Corrections Inmate Legal Assistance Program ("I.L.A.P.") reflects that Petitioner made repeated requests for legal research and writing materials,

and was even advised in July 2008 that his case was time barred.[6] Though he purportedly requires the assistance of another inmate because he is unable to read or write, the undersigned is not persuaded that his mental state rendered him so impaired that he has been unable to file his habeas petition for nearly 14 years.

Wells also fails to show that his mental retardation, rather than his lack of diligence, prevented him from timely filing his petition. *See Thaler*, 626 F.3d 773 (remanding for the district court to consider whether Petitioner had demonstrated the necessary diligence to establish that his mental incompetency claim warranted equitable tolling of AEDPA's statute of limitations in light of *Holland)*. By his own account, his death penalty sentence was commuted to a life sentence on June 25, 2004, more than seven years ago. Wells has been aware of his mental retardation claim since that time, but did not pursue state post-conviction remedies on his aggravated assault conviction until March 22, 2011. "The diligence required for equitable tolling purposes is reasonable diligence, not maximum feasible diligence." *Holland,* 130 S.Ct. at 2565 (internal quotation marks and citations omitted). Petitioner has not shown reasonable diligence here.

In the absence of any evidence warranting statutory or equitable tolling, the Court finds Petitioner's habeas petition is time-barred by 28 U.S.C. § 2244(d)(1)(A), and should

---

[6]ECF No. 9-8.

be dismissed with prejudice.

## Conclusion

For the reasons stated, the undersigned recommends that Respondent's motion to dismiss be granted. The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and recommendation within 14 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. 28 U.S.C. § 636 Fed. R. Civ. P. 72(b)(as amended, effective December 1, 2009).

This the 14th day of November 2011.

/s/ Linda R. Anderson
UNITED STATES MAGISTRATE JUDGE