IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

**MACK C. WELLS**                                                                         **PETITIONER**

**VS.**                                      **CIVIL ACTION NO. 3:11-cv-264-WHB-LRA**

**RONALD KING**                                                           **RESPONDENT**

## OPINION AND ORDER

This cause is before the Court on the Objection of Petitioner, Mack C. Wells ("Wells"), to the Report and Recommendation entered by United States Magistrate Judge Linda R. Anderson on November 14, 2011. As Wells is proceeding in this case *pro se*, the allegations in his pleadings have been liberally construed. See United States v. Wilkes, 20 F.3d 651, 653 (5th Cir. 1994). Having considered the Report and Recommendation, Wells's Objection thereto,[1] the case file in this civil action, as well as supporting and opposing authorities, the Court finds the Objection is not well taken, and that the Report and Recommendation should be adopted thereover.

### I. Discussion

In 1995, Wells was convicted of aggravated assault in the Circuit Court of Scott County, Mississippi, and was sentenced as a habitual offender to life without parole. Wells's assault

---

[1] Respondent has informed the Court that he would not be filing a response to Petitioner's Objection. See [Docket No. 10].

conviction and sentence were affirmed on appeal. See [Docket No. 5, Ex. B] (Wells v. State, No. 95-KA-662, slip op. (Miss. Ct. App. Dec. 17, 1996)). No further discretionary or direct appellate review was sought. On March 22, 2011, Wells filed an Application in the Mississippi Supreme Court for leave to seek post-conviction relief. The Application was denied as time-barred on April 27, 2011. See [Docket No. 5, Ex. E] (Wells v. State, No. 2011-M-425, slip op. (Miss. Apr. 27, 2011)).

On or about May 3, 2011,[2] Wells filed the Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody ("2254 Petition"), which is presently before the Court. In his 2254 Petition, Wells seeks relief on claims that (1) his constitutional right to a fair trial was violated because a competency hearing was not conducted in his aggravated assault case, and (2) his court-appointed attorneys provided ineffective assistance of counsel based on their having waived his right to a competency hearing. See 2254 Petition [Docket No. 1], Grounds One and Two. Relevant to these claims, the pleadings show that in 1995, Wells was also convicted of capital murder in the Circuit Court of Scott County, Mississippi, and was sentenced to death. Wells's capital murder conviction and death sentence were affirmed on appeal. See Wells v. State, 698 So.2d 497 (Miss. 1997). While

---

[2] The 2254 Petition is dated May 3, 2011, and was filed by the Clerk of Court on May 5, 2011.

his motion for post-conviction relief was pending in the Mississippi Supreme Court, the United States Supreme Court decided <u>Atkins v. Virginia</u>, 526 U.S. 304 (2002), which held that the death penalty could not be constitutionally applied to mentally retarded criminals.  Following the decision in <u>Atkins</u>, the Mississippi Supreme Court remanded Wells's capital murder case for a determination as to his mental capacity.  Upon finding that Wells met the standard for mental retardation under <u>Atkins</u>, the circuit court vacated Wells's death sentence and re-sentenced him to a life sentence without possibility of parole.  According to Wells, as the incidents underlying the aggravated assault charge and the capital murder charge occurred within a twenty-four-hour period, and as he was later found to be mentally retarded, his state court-appointed attorneys should have requested, and the state court should have conducted, a mental competency hearing in his aggravated assault case.[3]

After Wells's 2254 Petition was filed, Respondent filed a motion seeking its dismissal on the grounds that it is time-barred.  After briefing was completed, United States Magistrate Judge Linda R. Anderson entered a Report and Recommendation ("R and R") recommending that the 2254 Petition be dismissed as untimely.  In the R and R, Judge Anderson found that to be timely under the Anti-

---

[3] Wells's 2254 Petition does not seek any habeas relief as to his capital murder conviction and sentence.

Terrorism and Effective Death Penalty Act ("AEDPA"), codified at 28 U.S.C. § 2244(d), Wells was required to file his 2254 Petition for federal habeas relief on or before December 31, 1997. See R and R [Docket No. 6], at 4.  Judge Anderson additionally found that because Wells had not filed any post-conviction motions in the state court on or before that date, the applicable one-year statute of limitations had not been tolled. Id.  Finally, Judge Anderson concluded that because Wells's 2254 Petition was not filed in this Court until May 3, 2011, it was untimely. Id. at 4-5.

Judge Anderson next considered whether the applicable one-year limitations period was extended by the doctrine of equitable tolling.  Although Wells argued that his illiteracy, his lack of familiarity with the legal system, and the prior finding that he was mentally retarded, each constituted grounds for equitable tolling, Judge Anderson found his arguments were misplaced or otherwise lacked merit.  Specifically, Judge Anderson found that Wells's claims of illiteracy and lack of familiarity with the legal system were insufficient to give rise to equitable tolling. See R and R, 5 (citing Felder v. Johnson, 204 F.3d 168, 172-73 (5th Cir. 2000) and Turner v. Johnson, 177 F.3d 390, 392 (5th Cir. 1999)). Judge Anderson further found that Wells's reliance on the "fundamental miscarriage of justice" exception was misplaced as Wells did not claim that he was actually innocent of the aggravated assault charge but, instead, conceded that he had committed both

4

the aggravated assault and the murder within a twenty-four-hour period.  Id.   Finally, Judge Anderson recognized that although mental incompetency may warrant equitable tolling in some cases, Wells had not shown that his mental retardation had prevented him from managing his affairs and/or timely filing his 2254 Petition, and Wells had not demonstrated that he had acted with reasonable diligence.  Id. at 5-7.  Based on these findings, Judge Anderson recommended that Wells's 2254 Petition be dismissed as time-barred.

On January 6, 2012, Wells filed an Objection to Judge Anderson's R and R.  A district judge has authority to review a magistrate judge's R and R regarding prisoner petitions, and is required to make a *de novo* determination of any portion of the R and R to which a specific written objection has been made.  See 28 U.S.C. § 636(b); FED. R. CIV. P. 72(b).  Thereafter, the district judge may accept, reject, or modify the recommendation of the magistrate; receive further evidence in the case; or recommit the matter to the magistrate with further instructions.  Id.

Having reviewed the Objection, the Court finds Wells has not raised any specific objection to the R and R, but generally argues that equitable tolling should apply, and his Section 2254 Petition should not be dismissed as time-barred.  In support of this argument, Wells again raises the same claims as were raised in his 2254 Petition, namely that equitable tolling should apply because he is mentally retarded, he is illiterate, and, although he was

5

provided information from the Inmate Legal Assistance Program, he did not understand the complexity of the legal system. The Court finds Wells is not entitled to equitable tolling on any of these claims for the same reasons that are discussed/cited by Judge Anderson in the R and R. Accordingly, the Court finds Wells has failed to show that the doctrine of equitable tolling tolled the applicable one-year statute of limitations under the AEDPA. As the record shows that Wells's 2254 Petition was filed well after the statute of limitations had expired, the Court additionally finds that the Petition should be dismissed as time-barred.

## II. Conclusion

For the foregoing reasons:

IT IS THEREFORE ORDERED that the Report and Recommendation of the Magistrate Judge [Docket No. 6] is hereby accepted and adopted.

IT IS FURTHER ORDERED that Petitioner's Objection [Docket No. 8] is hereby overruled.

IT IS FURTHER ORDERED that Respondent's Motion to Dismiss [Docket No. 5] is hereby granted. A Final Judgment dismissing Wells's Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2254 with prejudice shall be entered this day.

SO ORDERED this the 23rd day of January, 2012.

s/ William H. Barbour, Jr.
UNITED STATES DISTRICT JUDGE